Anthony Oliver

# 1002060648

1434 U.S. HWY 84 EAST

Po Box 70

Ludowici, Georgia 31316



FILED _____
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 1 0 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Anthony Oliver,

    Plaintiff,

    v.

Houston Astros, L.L.C.,
Boston Red Sox Baseball
Club, L.P., And Does 1-10,
Inclusive.

## 2:20-cv-00283-APG-VCF

Plaintiff's complaint for
Damages and injunctive Relief

Demand for Jury Trial

1

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff ANTHONY OLIVER IS A CITIZEN OF THE STATE OF GEORGIA. AT THE TIME OF THE EVENTS ALLEGED HEREIN, PLAINTIFF WAS A RESIDENT OF NEVADA AND ARIZONA.

2. DEFENDANT HOUSTON ASTROS, L.L.C., ("HOUSTON") IS A LIMITED LIABILITY COMPANY EXISTING UNDER THE LAWS OF TEXAS. DEFENDANT PERSONALLY AVAILED ITSELF TO THIS JUDICIAL DISTRICT.

3. DEFENDANT BOSTON RED SOX BASEBALL CLUB, L.P., ("BOSTON") IS A UNKNOWN ENTITY. DEFENDANT AVAILED ITSELF TO THIS DISTRICT AS IT IS INVOLVED IN HIGH STAKES GAMBLING.

4. PLAINTIFF ALLEGES ON INFORMATION AND BELIEF THAT: (1) EACH SAID DEFENDANT ACTED IN ALL MATTERS RELEVANT TO THIS ACTION AS THE AGENT OF THE OTHER DEFENDANT AND CARRIED OUT JOINT BUSINESS PLANS AND OPERATIONS; AND (2) THE ACTS AND OMISSIONS OF EACH DEFENDANT ARE LEGALLY ATTRIBUTABLE TO THE OTHER DEFENDANT.

## II. JURISDICTION AND VENUE

5. THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. 1331 (FEDERAL QUESTION), 28 U.S.C. SECTIONS 1367, AND 1391, AND FOR STATE LAW CLAIMS. SUBJECT-MATTER JURISDICTION ALSO ARISES UNDER THE RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. 1964., et seq.

6.   VENUE IS PROPER IN THIS DISTRICT BECAUSE: (a) THE ACTS AND SAID TRANSACTIONS OCCURRED HERE; (b) THE INJURIES TO PLAINTIFF ARISE FROM THIS JUDICIAL DISTRICT; AND: (c) DEFENDANT TRANSACTS BUSINESS IN THIS JUDICIAL DISTRICT. INJUNCTIVE RELIEF IS AVAILABLE PURSUANT TO 28 U.S.C. SECTIONS 2201-2202.

III.   ALLEGATIONS OF FACT

7.   IN 2017, PLAINTIFF MOVED TO LAS VEGAS TO TAKE THE BAR EXAM WITH THE STATE BAR OF NEVADA. AFTER ARRIVING, PLAINTIFF ENTERED INTO A CONTRACT TO WORK WITH AND FOR LAS VEGAS ATTORNEYS ROY NEISON, ("NEISON"), AND SCOTT HOLPER, ("HOLPER").

8.   PLAINTIFF RENTED AN APARTMENT LOCATED IN LAS VEGAS. THEREAFTER, NEISON SHOWED PLAINTIFF AROUND TOWN. PLAINTIFF AND NEISON WENT TO A NEARBY CASINO TO PLACE A BET ON THE 2017 WORLD SERIES AND THE LOS ANGELES DODGERS BASEBALL TEAM, ("DODGERS"). PLAINTIFF PLACED A $7,500 DOLLAR BET ON THE DODGERS AT A LOCAL CASINO. THE DODGERS WERE FAVORED TO WIN THE CHAMPIONSHIP WORLD SERIES WITH ODDS OF 38 TO 2.

9.   AFTER STANDING IN LINE FOR ALMOST AN HOUR, PLAINTIFF RECEIVED A TICKET WITH A BAR CODE AND HIS NAME.

10.   SEVERAL MONTHS LATER, THE DODGERS ADVANCED TO THE 2017 WORLD SERIES TO FACE THE HOUSTON ASTROS, ("ASTROS").

11. IN THE 2017 WORLD SERIES, THE DODGERS WERE PROJECTED TO WIN THE WORLD SERIES WITH ODDS OF 106 TO 31 IN FAVOR OF THE DODGERS.

12. HOWEVER, ON OR ABOUT OCTOBER 12, 2017, THE DODGERS WOULD LOSE TO HOUSTON AFTER A LENGTHY WORLD SERIES. THE PLAYERS FROM HOUSTON, ITS FANS, TEAM OWNER AND MANAGER CELEBRATED. THE FINAL OUT CAME, AND WITH ICE COLD CHAMPAGNE ON ICE, HOUSTON AND ITS PLAYERS CELEBRATED. AFTER CELEBRATING, THE HOUSTON ASTROS WERE DECLARED THE WINNER BY MAJOR LEAGUE BASEBALL.

13. PLAINTIFF SUBSEQUENTLY LOST AS WELL. PLAINTIFF DIDNT WIN ANY MONEY WHASOEVER.

14. IN SEPTEMBER OF 2018, IN AN ANOTHER BET, THE DODGERS ADVANCED TO THE 2018 WORLD SERIES AGAIN. ONLY THIS TIME, THE DODGERS WOULD FACE THE BOSTON RED SOX, ("BOSTON"), FOR THE WORLD SERIES TITLE AND CHAMPIONSHIP.

15. PRIOR TO THE START OF THE 2018 BASEBALL SEASON, HOUSTON HAD PARTED WAYS WITH ITS HITTING COACH JOHN DOE I. UPON INFORMATION AND BELIEF, DOE I IS JOEY CORA. WITH THE 2018 SEASON GETTING UNDERWAY, BOSTON ELECTED TO HIRE DOE I AS THEIR MANAGER FOR THE 2018 SEASON. JOHN DOE I NEVER SERVED AS A MANAGER IN HIS ENTIRE CAREER.

16. WITH ABSOLUTELY NO MANAGEMENT EXPERIENCE, DOE 1 SET SEVERAL MAJOR LEAGUE RECORDS AS A ROOKIE MANAGER. DOE 1 LED BOSTON TO THE 2018 WORLD SERIES. THE DODGERS WOULD PLAY BOSTON FOR THE CHAMPIONSHIP.

17. WITH THE WORLD SERIES APPROACHING, PLAINTIFF BET $6,000 DOLLARS ON THE DODGERS, AND PLACED THE BET THROUGH "DRAFT KINGS".

18. THE WORLD SERIES CAME, AND THE DODGERS WERE PROJECTED TO WIN WITH ODDS OF 218 TO 31. IN A SURPRISE TWIST OF EVENTS, BOSTON RED SOX PLAYERS HIT SEVERAL HOME RUNS THAT WOULD BRING BOSTON TO WIN THE 2018 WORLD SERIES. BOSTON AND ITS OWNERS, PLAYERS AND FANS CELEBRATED. IN 2018 AFTER BOSTON WON, THEIR INVESTMENTS SKY ROCKETED. PROFITS WERE UP 2000 % PERCENT. FANS FOR BOTH HOUSTON AND BOSTON PURCHASED SEASON TICKETS BEFORE AND AFTER THE START OF THE NEXT SEASON. SINCE THE 2017 AND 2018 WORLD SERIES, HOUSTON AND BOSTON HAD NOT WON A WORLD SERIES. SEASON TICKET HOLDERS FOR HOUSTON AND BOSTON HAD GIVEN UP ON BOTH TEAMS.

19. AFTER BOSTON WON THE 2018 WORLD SERIES, ITS STOCKS AND SHARES WENT UP DRASTICLY. IN FACT, FAMOUS BASEBALL LEGEND NOLAN RYAN INVESTED $75,000,000 INTO HOUSTON. UPON INFORMATION AND BELIEF, FAMOUS PLAYERS INVESTED IN STOCKS FOR BOSTON. HOWEVER, WHAT CAME NEXT, SHOCKED THE ENTIRE WORLD.

20.   On January 17, 2020, News quickly spread that Houston and its owners, managers and players cheated in the 2017 World Series. It became common and public knowledge that the manager of Houston and its hitting coach AJ Hinch and Doe 1 cheated in the 2017 World Series to bolster investments, profits and salary increases. Further, it was a way to attract high profile players and free agents into signing million dollar contracts.

21.   On January 24, 2020, Major League Baseball opened a civil and criminal investigation into AJ Hinch, Houston General Manager Jeff Luhnow, and Doe 1. After the investigation mades news, Houston and its owners were exposed. Houston accepted responsibity for the actions of all players, coaches, managers and Doe 1. It was Houston who personally fired Jeff Luhnow and AJ Hinch. In the sport's largest scandal since the Biogenesis drug suspensions in 2013, Baseball commissioner Rob Manfred, ("Manfred") launched a second investigation into Doe 1, who again was the hitting coach for Houston in 2017. Manfred went on to state that Doe 1, the current manager of Boston was the "Ring leader" and will face "equal or more punishment."

22.   At all times relevant, the investigation conclusively determined that Doe 1 developed a sign-stealing system when Doe 1 was the hitting coach for Houston in 2017. The report goes on to state that Doe 1 carried over the sign-stealing scheme when Doe 1 became the manager of Boston.

6

23. Later, Houston was fined $ 5,000,000.00 for the actions of Jeff Luhnow, AJ Hinch and Doe i. This was the maximum fine allowed under the Major League Constitution. In addition, the Houston team forfeited their next two first- and second- round draft picks.

24. Manfred issued a second statement that said: "Its very clear to me that the culture of the Houston Baseball Operations Department manifesting itself in the way its employees are treated, its relations with other clubs, and its relations with the media and internal stake holders, has been very problematic." Manfred went on to further say that Jeff Luhnow, AJ Hinch and Doe i rigged their replay review room staff was decoding and transmitting signs, and that there is both documentary and testimonial evidence that Jeff Luhnow, AJ Hinch and Doe i cheated in the 2017 World Series, and that the same evidence exists Doe i cheated in the 2018 World Series.

25. Baseball's investigation began when former Houston Astros pitcher Mike Fiers, ("Fiers"), made the allegations in his report to Major League Baseball on November 12, 2019. Major League Baseball interviewed 27 witnesses, including 23 current and former Houston players, reviewed thousands of emails, videos, and photographs. Fiers specifically stated Houston, AJ Hinch and Doe i would have staff decod incoming pitches such as fastballs, and Houston, AJ Hinch and Doe i would have unknown persons "bang on a trash can" when a fastball was incoming

26. THE REPORT BY FIERS ALSO STATED THAT HOUSTON PLAYERS WERE OUT FITTED WITH "BUZZING DEVICES" THAT HOUSTON PLAYERS WOULD WEAR AND WOULD BE BUZZED WHEN A FASTBALL WAS INCOMING.

27. IN JANUARY OF 2020, MANFRED ALSO CONCLUDED IN HIS SECOND INVESTIGATION THAT DOE I CHEATED IN THE 2018 WORLD SERIES BETWEEN THE DODGERS AND BOSTON.

28. AS A RESULT, BOSTON QUICKLY TERMINATED DOE I AS THEIR MANAGER. SEVERAL DAYS LATER, A NEWS ARTICLE READ: "HEAD OF THE REDSOX [SCAMBINO] FAMILY FIRED". THIS ARTICLE ALSO POSTED A PICTURE OF DOE I HOLDING THE 2018 WORLD SERIES TROPHY.

29. ON INFORMATION AND BELIEF, FOR THE PAST THREE YEARS PRECEDING THE FILING OF THIS LAWSUIT, DEFENDANTS AND EACH OF THEM, HAVE PUT IN PLACE THIS SIGN-STEALING PLAN TO GENERATE REVENUE, EFFECT TRADE AND COMMERCE, CAUSE PEOPLE AND CONSUMERS TO PLACE LARGER BETS ON HOUSTON AND BOSTON. DEFENDANTS CAUSED INVESTORS TO INVEST MONEY INTO HOUSTON AND BOSTON. FURTHER, THIS SHAM CAUSED BETTORS LIKE THE PLAINTIFF TO LOSE HIS MONEY.

30. THE INVESTMENTS AND BETTING LOSSES TRANSLATE INTO HIGHER NET REVENUES WHICH ATTRACT INVESTMENT CAPITOL, ADDITIONAL TECHNICAL AND MARKETING STAFF, AND PROVIDE BETTER ADVERTISING, SKYROCKETING THE DEFENDANT'S TEAM AND MARKETING VALUE TO COMBINED TOTAL OF $11 BILLION IN LESS THAN FOUR YEARS.

31.  In fact, upon information and belief, discovery and trial are likely to show additional funds and investments Houston and Boston obtained by its deceptive practices constitute the entire value of the Houston and Boston organizations and corporations. Houston is now valued at $ 11 billion through stocks and investments. Boston is enhanced its revenue through stocks and investments surpassing $ 750 million.

32.  Moreover, people and consumers who betted on both world series lost money that came to be a portion received by Houston and Boston. Plaintiff is entitled to disgorgement of the unjust enrichment Houston, Boston and Does 1-10 unlawfully obtained, including simple restitution and the increased value of Houston and Boston's stocks attributable to the defendants cheating.

33.  Defendants lead plaintiff to believe that he was placing a legitimate bet expecting to win. Plaintiff would have never placed a bet on either world series had plaintiff know Houston and Boston and Does 1-10 cheated or were going to cheat.

34.  As a direct result of the actions of Houston, Boston, and Does 1-10, for fraud, concealment of a material fact, racketeering, and other unknown criminal and civil activity committed by each of these defendants, plaintiffs vehicle was repossessed with a value of $ 38,000, plaintiff lost his apartment, job, and has been further damaged in an amount to be proven at trial.

Count one

Violations of Racketeer Influenced Corrupt Organizations

18 U.s.c. 1964

Plaintiff v. All Defendants

93.   Plaintiff incorporates by reference all allegations herein.

36.   Defendants, Houston, Boston and Does 1-10, have engaged in a Pattern of Racketeering Activity connected to the Acquisition, Establishment, Conduct or Control of their respective enterprises. In Furtherance of their pattern of Racketeering Activity, Defendants have taken Multiple Actions Constituting Wire Fraud under 18 U.s.c. 1343, which Amounts to or Poses a threat to continued criminal Activity.

37.   Defendants wire fraud consists of their scheme or Artifice to Defraud or to obtain Money or Property by Means of False Pretenses, Representations, or Promises; their use of Interstate wires for the Purposes of Executing their scheme, and Acted with a specific intent to Defraud either by Devising, Participating in or Abetting the scheme.

38.   The Actions of these Defendants constitute a conspiracy under RICO because the Defendants along with their Board of Directors, Investors, Players, Owner, Managers and Officer's Conspired to Commit these RICO offenses and Acted in Furtherance there of. Under 18 U.s.c. 1964(c), Plaintiff is Entitled to Recover Threefold his Damages.

10

## Count Two
### Conspiracy to Violate Sec. 1962 (c) of RICO
### 18 U.S.C. 1962 (d)
### Plaintiff v. All Defendants

39. Plaintiff incorporates by reference all allegations herein.

40. At all relevant times, these defendants are "Persons" pursuant to 18 U.S.C. Secs. 1961 (3) and 1962(d). At all relevant times, defendants individual defendants, and Does 1-10, Does and will constitute an "Enterprise" within the meaning of 18 U.S.C. Secs. 1961 (4) and 1962(c).

41. At all relevant times, defendants were engaged in, and/or its activities affected interstate commerce and/or foreign commerce within the meaning of 18 U.S.C. 1962 (c). At all times relevant hereto, defendants each held a position in or were otherwise affiliated, or participated in the operation, management, and directed the affairs of Houston and Boston. These defendants have unlawfully, knowingly, and willfully, combined, conspired, confederated and agreed together and with others to violate 18 U.S.C. Sec. 1962 (c) as described above, in said violation of 18 U.S.C. 1962 (d).

42. The conspiracy's purpose was to defraud plaintiff out of money, property, and other benefits. Plaintiff has been injured in his money and property in an amount to be determined at trial.

## Count Three

## Violation of Unjust Enrichment

## Plaintiff v. All Defendants

43. Plaintiff incorporates by reference all allegations herein.

44. Plaintiff hereby pleads this claim in the alternative. Because of the misconduct described herein, Defendants have been unjustly enriched at the expense of Plaintiff having received and retained payments, and money from Plaintiff.

45. Specifically, Defendants have retained a large portion of the money Plaintiff lost while betting, and was obtained without legal entitlement. This unjust enrichment has directly benefited each Defendant.

46. Plaintiff is entitled to restitution.

47. Plaintiff has been damaged in an amount to be proven at trial.

REQUEST FOR RELIEF:

WHEREFORE, PLAINTIFF ANTHONY OLIVER PRAYS FOR THE FOLLOWING RELIEF:

A. A JUDICIAL DETERMINATION THAT DEFENDANTS' CONDUCT AS ALLEGED HEREIN IS UNLAWFUL AND ILLEGAL;

B. AN AWARD OF ACTUAL, COMPENSATORY AND PUNITIVE DAMAGES;

C. AN AWARD OF RESTITUTION OF ALL MONIES ILLEGALLY OBTAINED BY EACH DEFENDANT;

D. AN ORDER REQUESTING THE UNITED STATES ATTORNEYS OFFICE TO INVESTIGATE THE DEFENDANTS;

E. RESTITUTION IN AN AMOUNT TO BE DETERMINED AT TRIAL;

F. DISGORGEMENT OF UNJUST ENRICHMENT IN AN AMOUNT TO BE DETERMINED AT TRIAL;

G. AN AWARD TO PLAINTIFF OF ALL FEES, COSTS, AND JUDGMENT INTEREST;

H. SUCH FURTHER AND OTHER RELIEF THE COURT DEEMS JUST AND PROPER.

DATED: JANUARY 29, 2020

ANTHONY OLIVER, PRO SE

Jury Trial Demand

Plaintiff requests a jury trial of all claims so triable.

Dated: January 29, 2020

_____

Anthony Oliver, Pro se.